# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **G.W.**

**No. 25-18** (Webster County CC-51-2024-JA-49)

## MEMORANDUM DECISION

Petitioner Father M.W.[1] appeals the Circuit Court of Webster County's December 27, 2024, order terminating his parental rights to G.W., arguing that the circuit court erred by adjudicating him as an abusing parent and terminating his parental rights without granting him an improvement period.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In August 2024, the DHS filed a petition alleging that the petitioner committed domestic violence against the child's mother. Specifically, the DHS alleged that law enforcement responded to a domestic incident wherein the petitioner punched the mother in the face, attempted to choke her, and destroyed the windshield of a car so that she could not flee. Thereafter, a Child Protective Services ("CPS") worker investigated the residence and discovered that the then-one-year-old child did not have an appropriate crib and that the home was unsanitary and unfit for the child due to the presence of trash, dog feces, mold, roaches, and an overflowing toilet. The DHS also alleged that petitioner tested positive for buprenorphine and THC and that he was adjudicated in a prior proceeding for substance abuse issues. According to the DHS, the petitioner completed an improvement period in the prior case and was reunited with the child roughly five months prior to the filing of the instant petition.

In October 2024, the circuit court held an adjudicatory hearing at which the CPS worker who investigated the residence testified about the poor condition of the home but stated that even if the home was exceptionally clean, there were other conditions of abuse and neglect present. The worker further testified that the petitioner tested positive for buprenorphine and THC and that the domestic violence incident which prompted the filing of the petition occurred in the presence of the child. The petitioner testified, admitting that he struck the mother while the child was in the

---

[1] The petitioner appears by counsel Steven B. Nanners. The West Virginia Department of Human Services ("DHS") appears by Attorney General John B. McCuskey and Assistant Attorney General Wyclif Farquharson. Counsel Mackenzie A. Holdren appears as the child's guardian ad litem.

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

home and that he hit the car with a baseball bat to prevent her from leaving the home. However, he claimed that the child was unaffected by the domestic violence because he was in another room. He further admitted to using marijuana while caring for the child and that he was aware that the pets were defecating in the home. In the resulting order, the court found that the petitioner failed to provide the child with a suitable home, abused drugs while caring for the child, and engaged in domestic violence in the child's presence. Based upon these findings, the court adjudicated the petitioner of abusing and neglecting the child.

In December 2024, the circuit court held a dispositional hearing. On the day of the hearing, the petitioner filed a motion requesting a post-adjudicatory improvement period. A CPS worker testified that, during the prior proceeding, the petitioner completed two improvement periods and graduated from family treatment court. The worker stated that long-term drug rehabilitation would be the only service the petitioner had not previously been afforded. The worker initially recommended an improvement period but later testified that she was unable to say with certainty if the petitioner participating in another improvement period was in the child's best interest. In the resulting order, the court found that, in the prior proceeding, the petitioner was granted both a post-adjudicatory improvement period and a post-dispositional improvement period—both of which were aimed at helping him overcome his substance abuse. However, the petitioner stated that he did not learn anything from the services provided during his prior improvement periods. Considering the short amount of time between the dismissal of the prior proceeding and the initiation of the instant matter, as well as the petitioner's failure to maintain improvement, the court found that the petitioner did not demonstrate that he would participate in a further improvement period, there was no reasonable likelihood that the petitioner could correct the conditions of abuse and neglect in the foreseeable future, and there was no less restrictive alternative to termination that would protect the health, safety, and welfare of the child. Accordingly, the court terminated the petitioner's parental rights. It is from this order that the petitioner appeals.[3]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, the petitioner first argues that adjudication was erroneous because the DHS failed to prove the existence of the conditions of abuse and neglect by clear and convincing evidence. As we have explained, the DHS is required "to prove 'conditions existing at the time of the filing of the petition . . . by clear and convincing [evidence].' The statute, however, does not specify any particular manner or mode of testimony or evidence by which the [DHS] is obligated to meet this burden." Syl. Pt. 1, in part, *In re Joseph A.*, 199 W. Va. 438, 485 S.E.2d 176 (1997) (quoting Syl. Pt. 1, *In Interest of S.C.*, 168 W. Va. 366, 284 S.E.2d 867 (1981)). "We have also stated that the clear and convincing standard is 'intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases.'" *In re F.S.*, 233 W. Va. 538, 546, 759 S.E.2d 769, 777 (2014) (quoting *Cramer v. W. Va. Dep't of Highways*, 180 W. Va. 97, 99 n.1, 375 S.E.2d 568, 570 n.1 (1988)). Here, ample evidence, including the petitioner's testimony acknowledging the animal feces and urine in the home, his drug use while the child was in his

---

[3] The mother's parental rights were also terminated, and the permanency plan for the child is adoption in the current placement.

care, and his acts of domestic violence towards the mother, established that the conditions of abuse and neglect "exist[ed] at the time of the filing of the petition." W. Va. Code § 49-4-601(i). Moreover, the court found no merit in the petitioner's contention that the child was not exposed to domestic violence because he was in another room. Inasmuch as the petitioner asks this Court to reject this credibility determination, we will not. *See Michael D.C. v. Wanda L.C.*, 201 W. Va. 381, 388, 497 S.E.2d 531, 538 (1997) ("A reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations."). Thus, the petitioner's adjudication as an abusing parent was not erroneous.

Next, the petitioner asserts that an improvement period was warranted. In support of his position, he relies upon his own testimony that he would comply and the DHS's recommendation that he receive a post-adjudicatory improvement period. However, to receive an improvement period, a parent must "demonstrate[] by clear and convincing evidence, that [he or she] is likely to fully participate in the improvement period." W. Va. Code § 49-4-610. Here, due to the incredibly short amount of time between the dismissal of the prior case—during which the petitioner was granted two improvement periods yet testified that he did not learn anything—and the filing of the instant petition, the court found that the petitioner failed to show that he would fully participate in another improvement period. As such, the court did not abuse its discretion by declining to grant the petitioner a post-adjudicatory improvement period. *See In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015) ("West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period.").

To the extent that the petitioner assigns error to the court's termination of his parental rights because it was not the least restrictive alternative, we have long held that "[t]ermination of parental rights . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c)(6)] that conditions of neglect or abuse can be substantially corrected" and when necessary for the welfare of the child. Syl. Pt. 5, in part, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (quoting Syl. Pt. 2, *In re R.J.M.*, 164 W. Va. 496, 266 S.E.2d 114 (1980)); *see also* W. Va. Code § 49-4-604(c)(6) (permitting circuit court to terminate parental rights upon finding no reasonable likelihood conditions of abuse and neglect can be substantially corrected in the near future and when necessary for the child's welfare). Moreover, "courts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who . . . need consistent close interaction with fully committed adults." *In re Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, Syl. Pt. 4, in part (quoting *In re R.J.M.*, 164 W. Va. at 496, 266 S.E.2d 114, Syl. Pt. 1). The court was under no obligation to grant the petitioner an improvement period or employ any other less restrictive alternative because it found that there was no reasonable likelihood that the petitioner could substantially correct the circumstances of abuse and neglect and that the child's welfare necessitated termination so that he could achieve permanency,

especially in light of his young age. Accordingly, the petitioner is entitled to no relief in this regard.[4]

For the foregoing reasons, we find no error in the decision of the circuit court, and its December 27, 2024, order is hereby affirmed.

Affirmed.

**ISSUED**: January 29, 2026

**CONCURRED IN BY**:

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III

---

[4] To the extent that the petitioner asserts that termination of his parental rights was error because it hinged upon his improper adjudication, we disagree, because adjudication was not erroneous, as discussed above.

4